AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

THE CELLULAR TELEPHONE ASSIGNED
CALL NUMBER 513-206-2392

Case No. 1:19MJ-448

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the   Southern   District of   Ohio  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to Possess and Possession with Intent to Distribute a Controlled Substance. |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration. See 18 U.S.C. 3122(b), 3123(b).

- ☒ Continued on the attached sheet.
- ☒ Delayed notice of  30  days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Mitchell S. Bedard, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/6/19

*Judge's signature*

City and state: Cincinnati, Ohio

Hon. Karen L. Litkovitz, U. S. Magistrate Judge
*Printed name and title*

## AO 106   Attachment

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by The Drug Enforcement Administration. *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.


June 6, 2019                                                *s/Karl P. Kadon III*
DATE                                                        KARL P. KADON III #0009324
                                                            Assistant United States Attorney

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **513-206-2392** (the "Target Cell Phone"), whose wireless service provider is T-Mobile US, Inc., a wireless provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile US, Inc. including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc., T-Mobile US, Inc. is required to disclose the Location Information to the government. In addition, T-Mobile US, Inc. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21 United States Code, Sections 841(a)(1) and 846 involving the unidentified person using the Target Cell Phone, the unidentified person using telephone number 52-3112564601 (UP4601), the unidentified person using 513-418-7956 (UP7956), Oscar TORBERT and other known and as-yet unknown individuals.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **513-206-2392** (T-Mobile US, Inc.) | Case No. ~~1:19MJ-448~~ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Mitchell S. Bedard, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **513-206-2392**, (the "**SUBJECT TELEPHONE**"), whose service provider is T-Mobile US, Inc., a wireless provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054. The **SUBJECT TELEPHONE** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3123(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA") and have been so employed since November 2017. Prior to being employed with the DEA, I was

employed by Butler County, Ohio as a probation officer for over four years. I graduated from the DEA Basic Agent Academy in May 2018. During the courses of my training, I received instruction in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA agent, I have participated in multiple criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21 of the United States Code).

4. I am currently assigned to the Cincinnati Resident Office of the DEA. Prior to my assignment, I received specialized training from the DEA, including the 18-week Basic Agent Training course. Among other things, this training focused on: methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 United States Code, Sections 841(a)(1) and 846 have been committed, are being committed, and will be committed by the unidentified person using the **SUBJECT TELEPHONE**, the unidentified person using telephone number 52-3112564601 (UP4601), the unidentified person using 513-418-7956 (UP7956), Oscar TORBERT, and other as-yet known

and unknown individuals. I believe there is probable cause that the **SUBJECT TELEPHONE** is being used in furtherance of the aforementioned crimes and that there is also probable cause to believe that the location of the **SUBJECT TELEPHONE** will constitute evidence of those criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of Oscar TORBERT and other as-yet known and unknown individuals regarding possible violations of Title 21 United States Code, Sections 841(a)(1) and 846.

9. On March 6, 2019, the Honorable Michael R. Barrett, United States District Court Judge in the Southern District of Ohio, signed a court order authorizing the initial interception of wire and electronic communications to and from telephone numbers 513-629-0062, 513-331-1962, and 513-968-0077, all used by Oscar TORBERT. On March 7, 2019, agents began the interception of wire and electronic communications. Based on call record analysis, physical surveillance, and intercepted communications, agents determined that TORBERT was the user of the three previously mentioned telephones.

10. On March 13, 2019, at approximately 3:36 p.m., the Ohio State Highway Patrol and Cincinnati Police Department conducted a motor vehicle stop on a vehicle in which Oscar TORBERT was a passenger. Officers identified TORBERT and learned that TORBERT had an active felony warrant for drug possession. TORBERT was arrested and officers located a small

3

bag containing approximately .476 grams of fentanyl mixture on the seat where TORBERT had been sitting. TORBERT admitted to possessing the fentanyl mixture. TORBERT also possessed a key chain containing multiple keys.

11. At approximately 8:40 p.m., the Honorable Ted N. Berry, Municipal Court Judge in Hamilton County, Ohio, signed a search warrant authorizing the search of 2504 Kipling Avenue, Apartment 2, to include the common basement. At approximately 8:50 p.m., the DEA Cincinnati Resident Office and the Cincinnati Police Department executed the search warrant. Officers/agents made entry into 2504 Kipling Avenue, Apartment 2, using a key on the key chain that was previously seized from Oscar TORBERT. Inside the apartment, officers/agents located a small bag containing approximately a gram of cocaine, an empty kilogram-sized vacuum seal bag with heroin/fentanyl residue, suspected drug ledgers, and drug preparation and packaging materials to include gloves, a scale, a blender, a vacuum sealer, and vacuum seal bags. Agents are aware that drug traffickers often obtain controlled substances in kilogram-sized quantities and then use blenders and cutting materials to add volume to the controlled substances for future distribution. I am also aware that drug traffickers often use scales to measure out controlled substances for future purchase. Consequently, I believe that the empty kilogram-sized vacuum seal bag previously contained a quantity of controlled substances that TORBERT subsequently distributed. Analysis from the Hamilton County Crime Laboratory revealed that the residue from the kilogram-wrapper was positive for the presence of heroin, fentanyl and tramadol and that the other white substance seized was positive for the presence of cocaine.

12. In the common area in the basement, officers/agents located a locked closet labelled with the number "1" on it. A key from the key chain previously seized from TORBERT opened that closet. Inside the closet, officers/agents located two presses with suspected heroin/fentanyl residue and three firearms, two of which were loaded, to include a Glock pistol.

4

Based on my training and experience, I am aware that drug traffickers often use presses to shape controlled substances into a brick form for later distribution. I spoke with the resident of 2504 Kipling Avenue, apartment 1, who told me that the closet marked with "1" on it was not his assigned storage closet. The resident showed me the location of his unit's assigned closet, which was located in a different area of the basement.

13. Also located in the common area in the basement was a stove unit. Officers/agents moved the stove and located approximately 977 grams of a white powder. Analysis from the Hamilton County Crime Laboratory revealed that the powder found consisted of approximately 977 grams of a combination of valeryl fentanyl, fentanyl and tramadol. Based on my training, experience, discussions with other law enforcement officers/agents, my knowledge that TORBERT possessed keys to 2504 Kipling Avenue, Apartment 2, where officers/agents located an empty, kilogram-sized bag containing heroin/fentanyl and tramadol residue, drug preparation and packaging material, and a small bag containing cocaine, my knowledge that TORBERT also possessed keys to a closet in the common area in the basement of 2504 Kipling Avenue where officers/agents located presses with suspected heroin/fentanyl residue and three firearms, and my knowledge that officers/agents located approximately 977 grams of fentanyl mixture in the common area in the basement in close proximity to the storage closet, I believe that TORBERT possessed the 977 grams of fentanyl mixture. I further believe that TORBERT intended to distribute these controlled substances.

14. On March 15, 2019, the Honorable Stephanie K. Bowman, United States Magistrate Judge, signed a search warrant authorizing the search of 1933 Chaucer Drive, Apartment D, Cincinnati, Ohio. Later that day, officers executed the search warrant and located approximately 20 mobile phones, which are believed to have been previously used by TORBERT in furtherance of his drug-trafficking activities.

15. On March 20, 2019, United States Magistrate Judge Stephanie K. Bowman signed court orders authorizing the searches of the mobile phones seized from TORBERT.

16. While reviewing the contents of the telephone assigned call number 513-499-7067, agents observed WhatsApp communications between TORBERT, using call number 513-499-7067 and an unknown person using 52-1-3112564601 (UP4601), occurring on December 21, 2018. Following is an excerpt of the communications:

| TORBERT | I need to come to the hills to find me a chemist |
| TORBERT | Find us some one who can make us synthetic I will pay production costs |
| UP4601 | I let u know whats up |

17. Based on my training, experience, my belief that TORBERT possessed approximately 977 grams of fentanyl mixture, and my knowledge that fentanyl is a synthetic opioid, I believe that TORBERT was telling UP4601 that TORBERT wanted UP4601 to find someone that could make fentanyl.

18. On March 27, 2019, TORBERT was indicted by a Grand Jury in the Southern District of Ohio and was charged with several offenses to include possession with intent to distribute more than 400 grams of fentanyl.

19. On May 10, 2019, agents reviewed call records for telephone number 513-418-7956. According to call records, telephone number 513-418-7956 communicated with TORBERT's telephone 513-331-1962 approximately 15 times between January 25, 2019 and March 28, 2019. Telephone number 513-418-7956 also communicated with 52-3112564601 at least 34 times between January 9, 2019 and May 8, 2019. Based on my knowledge that officers seized approximately 977 grams of fentanyl mixture from 2504 Kipling Avenue, Cincinnati, Ohio, my belief that TORBERT possessed the 977 grams of fentanyl mixture, my belief that

TORBERT communicated with UP4601 about finding someone that could make fentanyl, and my knowledge that TORBERT's telephone 513-331-1962 and UP4601's telephone 52-3112564601 each communicated with telephone number 513-418-7956, I believe that UP7956 was involved in a drug trafficking conspiracy with TORBERT and UP4601.

20. On May 31, 2019, agents reviewed call records for **513-206-2392** (the **SUBJECT TELEPHONE**). According to call records, the **SUBJECT TELEPHONE** communicated with telephone number 513-418-7956 approximately 20 times between March 31, 2019 and May 28, 2019. The **SUBECT TELEPHONE** also communicated with 52-3112564601 at least 83 times between April 23, 2019 and May 20, 2019.

21. Based on my knowledge that officers seized approximately 977 grams of fentanyl mixture from 2504 Kipling Avenue, Cincinnati, Ohio, my belief that TORBERT possessed the 977 grams of fentanyl mixture, my belief that TORBERT communicated with UP4601 about finding someone that could make fentanyl, my knowledge that TORBERT's telephone 513-331-1962 and UP4601's telephone 52-3112564601 each communicated with telephone number 513-418-7956, and my knowledge that the **SUBJECT TELEPHONE** has communicated with both 513-418-7956 and 52-3112564601, I believe that the user of the **SUBJECT TELEPHONE** is involved in a drug trafficking conspiracy with UP4601 and UP7956.

22. Based on the information set forth in this affidavit, I believe that there is probable cause to believe that **SUBJECT TELEPHONE** is being utilized in ongoing criminal activity, specifically in violation of Title 21 U.S.C. §§ 841 and 846. I believe there is probable cause to obtain the information requested for a period of 30 days and that the information will assist law enforcement in identifying, dismantling and disrupting illegal drug dealing activities.

23. In my training and experience, I have learned that T-Mobile US, Inc. is a company that provides cellular telephone access to the general public. I also know that providers

7

of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

24. Based on my training and experience, I know that T-Mobile US, Inc. can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available.

25. Based on my training and experience, I know that T-Mobile US, Inc. can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile US, Inc.

8

typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

26. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

27. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

28. I further request that the Court direct T-Mobile US, Inc. to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile US, Inc. for a period of 30 days. I also request that the Court direct T-Mobile US, Inc. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B

9

unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

29. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

30. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Mitchell S. Bedard
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this ___6___ day of June 2019.

_____
Hon Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **513-206-2392** (the "Target Cell Phone"), whose wireless service provider is T-Mobile US, Inc., a wireless provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile US, Inc. including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc., T-Mobile US, Inc. is required to disclose the Location Information to the government. In addition, T-Mobile US, Inc. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21 United States Code, Sections 841(a)(1) and 846 involving the unidentified person using the Target Cell Phone, the unidentified person using telephone number 52-3112564601 (UP4601), the unidentified person using 513-418-7956 (UP7956), Oscar TORBERT and other known and as-yet unknown individuals.